```
                                    CLERK'S OFFICE U.S. DIST. COURT
                                         AT ROANOKE, VA
                                             FILED
                                          APR 1 5 2005
         IN THE UNITED STATES DISTRICT COURT JOHN F. CORCORAN, CLERK
         FOR THE WESTERN DISTRICT OF VIRGINIA BY:
                      ROANOKE DIVISION              DEPUTY CLERK
```

| | |
|---|---|
| **GORDON GRAY COCKERHAM,** )         | Criminal Action No. 4:03-cr-70074 |
| Petitioner,              )                     | Civil Action No. 7:05-cv-00221 |
| )                                                        | |
| v.                          )                                    | **MEMORANDUM OPINION** |
| )                                                        | |
| **UNITED STATES,**        )                   | By: Jackson L. Kiser |
| Respondent.             )                    | Senior United States District Judge |

Petitioner Gordon Gray Cockerham, a federal inmate proceeding pro se, brings this action to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, Cockerham requests re-sentencing as a result of a new constitutional rule announced in the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005).

Cockerham's conviction became final on May 9, 2004, when the ten-day period in which to file a notice of appeal expired. See Fed. R. App. Pro. 4(b)(1)(A)(i).

It appears that Cockerham is attempting to claim that Blakely is a new rule, which is retroactive to cases on collateral review. However, the court finds that Blakely does not apply retroactively to Cockerham's case. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D.Va. 2004). In addition, because Cockerham has admitted that he did not appeal his sentence, it is clear that his claims would be procedurally barred. See Bousley v. United States, 523 U.S. 614, 621 (1998).

Because the rule in Blakely does not apply retroactively to Cockerham's case, the court must dismiss his petition. An appropriate order will be entered this day.

**ENTER**: This  15th  day of April, 2005

/s/ Jackson L. Kiser
Senior United States District Judge